THE REEDER BROS. SHOE COMPANY v. ANTON PRYLINSKI.

*Fraudulent purchase—Rescission—Right of assignee.*

1. The right to recover property, the title to which never passed by reason of the fraudulent representations of the purchaser as to his financial condition, passes to an assignee of the vendor's business and book accounts.
2. The failure of a vendee, who knows that he is in failing circumstances or insolvent, to disclose that fact to a vendor, will not make the purchase fraudulent, unless coupled with an intent on his part, at the time of the purchase, not to pay for the goods; citing *Zucker v. Karpeles*, 88 Mich. 413.

Error to Bay. (Maxwell, J.) Argued October 5, 1894. Decided November 20, 1894.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*Simonson, Gillett & Courtright,* for appellant.

*Peter Doran (T. A. E. & J. C. Weadock,* of counsel), for plaintiff.

LONG, J. Plaintiff, a corporation, brought replevin, and took into its possession a stock of boots and shoes sold by George H. Reeder & Co. to defendant. The goods were sold in January, 1893, to be delivered at various times, and most of them were delivered before the plaintiff corporation was organized. George H. Reeder & Co. consisted of George H. and Milton Reeder The plaintiff corporation was organized on March 15, 1893, the stockholders being the two Reeders and six other persons. George H. Reeder & Co. thereupon sold and conveyed their business to the corporation, together with their book accounts.

Defendant had been trading with George H. Reeder & Co. since May, 1892, and discounted the firm's bills up to the time the goods in controversy were sold; the last bill discounted being sold in September, 1892. At that time, plaintiff claims, the defendant made a statement to Milton Reeder as to his financial condition, in which he claimed to own the stock of goods in his store, amounting to $3,500 or $4,000; that he owed no persons but Baldwin & Co., of Detroit, and Snedicor & Hathaway, and those were small bills, not due; that he owned the building in which he was doing business, and the residence where he lived. On these representations the bill of September, 1892, was sold, amounting to about $130. In January, 1893, Geo. H. Reeder & Co. gave him credit for a bill of goods of about.

$650; he at that time stating that his financial condition was about the same, and that there had been no change therein since September before.

In June, 1893, after the assignment to the plaintiff corporation of this account, it was discovered that the representations made by the defendant in January previous were not true; that, instead of the title to the store and house being in him, it was in his wife; and that he owed her about $1,800 in addition. Plaintiff, claiming that, by reason of these false representations, the title to the goods did not pass to the defendant under the sale made by George H. Reeder & Co., and that the corporation had the right, under its assignment of the account, to assert its ownership to the goods, made demand for their return, and, upon the demand being refused, took them under its writ of replevin.

Defendant, on the trial, admitted that the buildings belonged to his wife, and that he was indebted to her, but denied that such fact affected his solvency, or that he made the representations as to his financial condition as claimed. It appeared that chattel mortgages were given by defendant to his Detroit creditors in July, 1893, after the goods in controversy were replevied. On the trial the plaintiff prevailed.

1. It is contended by defendant that plaintiff could not recover, for the reason that, if the representations were made as claimed, they were made to George H. Reeder & Co., and not to plaintiff, and that only the party injured by the fraud could complain of it; that the transaction is voidable only by the party injured, and not by a stranger. Several cases are cited in support of this proposition.[1]

---

[1] *Crane v. Reeder*, 25 Mich. 303; *Spoon v. Gilbert*, 44 Id. 535; *Dayton v. Fargo*, 45 Id. 153; *Richardson v. Welch*, 47 Id. 309; *Lumber Co. v. Gustin*, 54 Id. 624; *Lewis v. Rice*, 61 Id. 97; *Waterbury v. Andrews*, 67 Id. 281.

But those cases are not like the present. Similar cases were referred to in *Sweet v. Converse*, 88 Mich. 1, 12, in which it was said:

"All of the cases cited concede that the rule contended for—that a right of action for fraud is not assignable— has no application to an assignment of something which is in itself tangible, capable of delivery, involving a right of property. In such case, the right to whatever remedy the assignor has follows the assignment."

The action here is not for fraud and deceit, but to recover the property, on the ground that the title never passed. The assignee is in the same position as the assignor of the demand, with like rights of recovery. It was not an assignment of a right of action for the fraud, but the right of the assignor to recover the specific property.

2. It is contended that the court erred in its charge to the jury on the question as to what would amount to fraudulent conduct on the part of the defendant, and by reason of which the title to the goods did not pass. The following is a portion of the charge complained of:

"If a fraud is practiced, the title never passes. The buyer never had them [the goods], or any interest in them. They were all still the property of the plaintiff. Now, this is not only so if these representations were false and were actually made, but it is also so if the defendant was in failing circumstances when he ordered these goods, and did not disclose these facts to the plaintiff. I repeat, gentlemen, in addition to the right to cancel this contract on the ground of false representations, a concealment of the actual facts of his circumstances may be a fraud. Now, if he was insolvent, and did not inform the plaintiff in this suit of it, the plaintiff had a right to retake these goods, and can recover in this action. If he was in failing circumstances when he bought these goods, and did not disclose that fact, the plaintiff had a right, on discovering the facts, to rescind the contract and save the goods. In these cases the title to the property never vests in the defendant If a man is in a store, apparently doing good

business, but in failing circumstances, or absolutely insolvent, a sale to him is void or voidable, unless he communicates the true circumstances to the parties from whom he purchases. Now, if you find either of these three facts,—that the fraudulent representations were made, that he was in failing circumstances, or that he was insolvent,— you will find a verdict for the plaintiff.  *  *  *

"If you find that the representations were made, or that he was in failing circumstances, and did not disclose it, or that he was insolvent, and did not disclose his condition, you will find for the plaintiff.  If, on the other hand, you find all these things—First, that the representations were not made; second, that he was not in failing circumstances, or did disclose his failing circumstances; third, that he was not insolvent, but in a condition to pay,—you will find for the defendant."

This charge does not embody the law of this State, as held by several decisions of this Court.  In *Zucker v. Karpeles*, 88 Mich. 413, 433, the court below instructed the jury:

"If Karpeles was insolvent at the time he purchased the goods, and knew that he was insolvent, and failed to disclose this to the plaintiffs in the case at the time of the purchase, the purchase, under those circumstances, is deemed in law a fraudulent purchase."

It was said by this Court:

"We think the court erred in this instruction. There are some authorities which support the view of the law stated by the court, but the weight of authority is the other way,—that it does not render a purchase fraudulent simply from the fact that the purchaser knew at the time that he was insolvent, and failed to disclose that fact to his vendor.  It is necessary, in order to make his purchase fraudulent, that he should, at the time he purchased the goods, intend not to pay for them;" citing *Shipman v. Seymour*, 40 Mich. 274.

It is claimed, however, on the part of plaintiff, that some other portions of the charge modified this portion, and placed the right to recover on the true ground.  We have examined the charge as a whole, and cannot find that

the views expressed in this part of the charge are in any way modified. The court was clearly wrong.

The judgment below must be reversed, and a new trial granted.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. GRANT, J., did not sit.