**Arthur W. BENTLEY, Plaintiff-Appellant**

v.

**FARMERS' INSURANCE EXCHANGE, an Inter-Insurance Exchange, Defendant-Appellee.**

**No. 14318.**

United States Court of Appeals Sixth Circuit. April 21, 1961.

Joseph R. Joseph, Flint, Mich. (Robert Evans, Flint, Mich., on the brief), for appellant.

Richard A. Harvey, Detroit, Mich., for appellee.

Before MARTIN, CECIL and WEICK, Circuit Judges.

PER CURIAM.

The present action was brought in the District Court by an insured against an automobile liability insurance company to recover the amount of a judgment obtained against him in excess of the policy limits. The gist of the action was that the insurer had acted in bad faith by refusing to settle a claim for personal injuries within the policy limits.

The case was tried before the District Judge without a jury and at the conclusion of plaintiff's evidence the Judge found that plaintiff had failed to prove his case and entered a judgment of no cause of action against the plaintiff.

The limits of the policy of liability insurance wcre $10,000. The suit against the insured for personal injuries was filed in the state court and was for an amount many times in excess of the policy limits. The insured was advised in writing by the insurer of this fact and that he was free to obtain counsel of his own choice and at his expense. He did not obtain counsel and the case was handled by the attorney for the insurer.

The insurer had made an offer to claimant to settle for $1,500 which was rejected. After claimant had secured an attorney the insurer offered to settle for $7,500, but this was refused. The claimant at one time offered to accept $9,600, but withdrew the offer and demanded $10,000 which he at all times was willing to accept. After suit for personal injuries was filed, the deposition of claimant was taken and counsel for the insurer wrote it a letter suggesting that the offer of settlement be reduced from $7,500 to $5,000 or $5,500. He was of the opinion that the insured had a good defense on account of contributory negligence and drunkenness of the claimant. When it appeared that the claim could not be settled except by payment of the full amount of the policy, the insurer again wrote to the insured advising him thereof and of his right to obtain counsel of his own choice. The jury returned a verdict in the personal injury action in the state court in favor of the plaintiff for $25,000.

This case is governed by Michigan law under which an insurer is not liable for an excess of the judgment over the face of a policy unless it fraudulently or in bad faith refuses to settle within the policy limits. Mere negligence or error in judgment do not constitute fraud or bad faith. City of Wakefield v. Globe Indemnity Co., 246 Mich. 645, 225 N.W. 643.

The claimant did sustain a severe injury which would have justified a large

verdict if liability existed. The insurer was represented by competent counsel who advised it not to settle for the amount demanded by the claimant.

Under the evidence offered by the insured in the District Court, reasonable minds could have reached but one conclusion and that was that the insurer, in refusing to settle, did not act fraudulently or in bad faith. The District Court was correct in rendering a judgment of no cause of action against plaintiff and that judgment is affirmed.