William E. STEVENS, Jr., etc., Plaintiff-Appellant,

v.

NORTHWESTERN NATIONAL CASU-ALTY COMPANY OF MILWAUKEE, WISCONSIN, Defendant-Appellee.

No. 14669.

United States Court of Appeals Sixth Circuit.

Aug. 7, 1962.

Frank W. Cubbon, Jr., Toledo, Ohio, Cubbon & Rice, Toledo, Ohio, on brief, for appellant.

John W. Hackett, Jr., Toledo, Ohio, Shumaker, Loop & Kendrick, Toledo, Ohio, on brief, for appellee.

Before CECIL, WEICK and O'SULLI-VAN, Circuit Judges.

WEICK, Circuit Judge.

This is an appeal from an order of the District Court granting defendant's motion for summary judgment and dismissing plaintiff's complaint.

Plaintiff's action was to collect the excess of his judgment over the limits of an automobile liability insurance policy in which his brother was the insured. Plaintiff sued as assignee of his brother. The gist of the complaint was that the defendant-insurer was guilty of bad faith in not settling within the limits of the insurance policy, plaintiff's lawsuit for personal injuries against his insured brother, which was pending in the Circuit Court of Monroe County, Michigan and was based on gross negligence or wanton and wilful misconduct upon the part of the brother, while driving his automobile in the State of Michigan, when plaintiff was riding as an invited guest. The personal injury case was tried to the state court in the absence of the insured brother, who had left to parts unknown, without informing the insurer of his whereabouts, and resulted in a judgment in plaintiff's favor for $21,-888.00. The judgment of the Circuit Court was affirmed by the Supreme Court of Michigan and the insurer then paid plaintiff $5,000.00 which was the limit of his brother's policy and which was applied on the judgment, Stevens v. Stevens, 355 Mich. 363, 94 N.W.2d 858. Later when the whereabouts of the insured had been ascertained, he assigned all of

his rights under the policy to the plaintiff.

The policy provided:

"The company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient."

■ Michigan law governed the personal injury action since the accident occurred in that state. It was conceded in the District Court that Ohio law applied with respect to the construction of the insurance policy because it was issued to the insured in Toledo, Ohio, where he resided at the time.

■ In Ohio, where the insurer reserved the right to settle, it is not liable for negligence in settling or refusing to settle a claim but must respond in damages if it fails to exercise good faith with respect to the settlement. Hart v. Republic Mutual Insurance Co., 152 Ohio St. 185, 87 N.E.2d 347. Ohio law on this subject is different from the law of Tennessee which we applied in Tennessee Farmers Mutual Ins. Co. v. Wood, 277 F.2d 21 (C.A.6), and on which plaintiff relies. The law of Michigan, in applying the bad faith test to cases of this type, is similar to Ohio law. City of Wakefield v. Globe Indemnity Co., 246 Mich. 645, 225 N.W. 643; Bentley v. Farmers' Insurance Exchange, 289 F.2d 59 (C.A.6).

It was the opinion of the insurer as well as its attorney that there was no legal liability upon the part of the insured in the Michigan case and that it should be tried. The insured apparently concurred in this view and maintained that he was not at fault. Plaintiff had offered to settle his claim for personal injuries for as low as $2,000.00 prior to the trial in the Circuit Court. The insurer offered to settle only on a "cost of trial basis."

The insurer was also of the belief that plaintiff would not be able to establish his case because of lack of witnesses. Plaintiff was asleep at the time of the accident. The insured's wife, who was a passenger in the car, received injuries which resulted in her death a few days later. The insured received injuries which left him with a loss of memory.

At the trial of the personal injury case, which was defended by the insurer, plaintiff offered in evidence, over the objection of the defendant, a dying declaration of the insured's wife which tended to prove wanton and wilful misconduct on the part of the insured. The insurer claimed that this evidence took it by surprise. The Supreme Court of Michigan, however, held that the evidence was sufficient to establish liability exclusive of the dying declaration and did not pass upon its admissibility.

■ We see no bad faith in the handling of the case by the insurance company. It did not believe that its insured was liable for the injuries sustained by his brother. We think it had the right to try the question of liability in a court of law. This was not a clear case of legal liability but substantial questions were involved. Plaintiff had a much greater burden to establish wanton or wilful misconduct than mere negligence. The insured had been advised of the amount claimed which was in excess of the policy limits and of his right to engage counsel to represent him for his uninsured liability. He was content to be represented by the attorney for the insurance company. He agreed with their judgment that the case did not warrant settlement. He showed no interest in the case and was not available to assist the insurer at the trial.

The fact that after the judgment in the Circuit Court, plaintiff still offered to settle within the policy limits does not change the rule. The insurer had the right to appeal to the Supreme Court of Michigan and attempt to have the legal questions determined including the admissibility of the dying declaration.

The insured paid a premium for only a $5,000.00 policy. The plaintiff, as assignee, stands in the shoes of the insured. In our judgment, there is no basis in the record of this case for permitting recovery in excess of the policy limits.

We find no genuine dispute over the controlling facts in the case. There was involved solely a question of law. It was within the discretion of the District Court to grant summary judgment.

Judgment affirmed.