## JONES *v.* HICKS.

1. Assignments—Right of Action for Fraud—Bankruptcy.

Rule of this State that a right of action for fraud is personal and not assignable is recognized in determining whether resident bankrupt's right of action against deputy sheriff for fraud passed by assignment to the trustee in bankruptcy.

2. Appeal and Error—Questions Reviewable—Bankruptcy—Personal Action by Bankrupt—Fraud.

The personal right of a bankrupt judgment debtor to question an allegedly fraudulent execution sale of his property is not before the Court on appeal from order granting motion by deputy sheriff and his surety to dismiss action by trustee of such debtor to recover damages for alleged fraud, where the debtor had not instituted an action to recover the property or to recover quintuple damages for alleged fraud (CL 1948, § 623.148).

3. Execution—Fraud—Title to Truck.

The title to a pickup truck, which was acquired at execution sale by a party who allegedly was an undisclosed agent of the deputy sheriff who conducted the sale and whose bid for the property at approximately 1/3 of its alleged value was accepted, was not void but voidable, if the fraud alleged be assumed to exist.

4. Bankruptcy—Assignable Rights—Election of Remedies—Fraud.

The bankrupt debtor's right to elect to affirm a voidable execution sale of his property for fraud in the conduct thereof in that

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur, Assignments § 38.
[2] 6 Am Jur, Bankruptcy §§ 1728, 1743.
[3] 21 Am Jur, Executions §§ 218, 282.
[4-6] 6 Am Jur, Bankruptcy §§ 867, 869.
What rights of action in tort in favor of a bankrupt vest in his trustee in bankruptcy. 66 ALR2d 1217.
[7] 3 Am Jur, Appeal and Error § 825.
[8] 53 Am Jur, Trial § 371.
Direction of verdict on opening statement of counsel. 83 ALR 221; 129 ALR 557.
[9] 21 Am Jur, Executions § 226.
[10] 3 Am Jur, Appeal and Error § 1136; 53 Am Jur, Trial § 381.

sale was made to a bidder alleged to be the undisclosed agent of the deputy sheriff who conducted the sale, with the bankrupt's resultant right then to sue for quintuple damages being unexercised, such latter right would not pass to the trustee, nor would the right to elect to affirm pass to the trustee (CL 1948, § 623.148).

5. SAME—ASSIGNMENTS—FRAUD.
   A trustee in bankruptcy may not recover damages for fraud practiced upon the bankrupt, since such an action is not assignable.

6. SAME—ASSIGNMENTS—FRAUD—ELECTION OF REMEDIES.
   Action by trustee in bankruptcy to recover quintuple damages for fraud practiced upon the bankrupt by alleged fraudulent sale of his property at approximately 1/3 of its value to bidder who is claimed to have been the undisclosed agent of the deputy sheriff who conducted the sale, rather than an action to recover the property itself, was properly dismissed as the cause of action sued upon was nonassignable (CL 1948, § 623.148).

7. JUDGMENT—ORDER DISMISSING ACTION—OPENING STATEMENT.
   Courts speak through their judgments, hence, order dismissing action, because declaration of trustee in bankruptcy stated action was based on fraud, a cause of action which could not be transferred or assigned to the trustee, was sustainable even though opening statement failed to state facts that, if established by proof, would have warranted recovery of quintuple damages for fraud (CL 1948, § 623.148).

8. TRIAL—OPENING STATEMENT—INSUFFICIENCIES.
   A motion for a directed verdict, based on insufficiencies in the opening statement, may properly be granted.

9. EXECUTION—SALE—FRAUD—EVIDENCE.
   The mere fact that the highest bid received at an execution sale of a bankrupt judgment debtor's property was less than the actual value of the property did not establish fraud on the part of the officer conducting the sale.

10. TRIAL—OPENING STATEMENT—MOTION TO DISMISS.
    It was not reversible error for trial court not to advise plaintiff's attorney that an amended or supplemental opening statement be offered, where although the opening statement departed from the theory of the declaration, neither the declaration nor the opening statement stated a cause of action and the matter was fully gone into in ensuing argument on the defendants' motions to dismiss. ·

BLACK, VOELKER, and KAVANAGH, JJ., dissenting.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted October 27, 1959. (Docket No. 97, Calendar No. 48,222.) Decided January 4, 1960.

Case by Donald A. Jones, trustee of the estate of Albert Charles LaVoy, bankrupt, against Floyd Hicks and Michigan Surety Company for tortious conversion of property by fraudulent sale on execution. Case dismissed on motion. Plaintiff appeals. Affirmed.

*Donald A. Jones, in propria persona.*

*Paul C. Younger,* for defendant Hicks.

*Clayton F. Jennings,* for defendant Michigan Surety Company.

BLACK, J. (*dissenting*). By operation of 11 USCA, § 110, plaintiff, as trustee, became vested with the title of one LaVoy, a bankrupt, to all of the kinds of property section 110 defines. Whether plaintiff succeeded under said section 110 to LaVoy's original elective right to sue upon the presently declared cause is the question before us. The parties litigant agree that the question is determinable according to Michigan law, and this Court has so held (*Cobleigh v. State Land Office Board,* 305 Mich 434).

The stated question comes here on granted motion to dismiss. We therefore accept as true the material allegations of plaintiff's declaration, wherein it is averred:

One of LaVoy's judgment creditors sued out a writ of execution and placed it in the hands of defendant Hicks, an Ingham county deputy sheriff. By virtue of the writ Hicks seized a motor truck, the property of LaVoy, and proceeded toward advertised sale thereof to satisfy the judgment. The sale was

"rigged" by Hicks, however, in such manner that he became colorable owner and possessor of the truck, via a dummy purchaser and for a nominal consideration, the consideration being much less than the actual sale value of the truck. Some 3 months later plaintiff was appointed trustee, as aforesaid, and shortly thereafter filed this declaration against Hicks and the latter's statutory surety. The declaration counts upon the statute quoted in the margin,* asks quintupled damages thereunder, and alleges election of the plaintiff trustee to "affirm the voidable sale to defendant Hicks."

Defendants, moving to dismiss, contended and now contend that the declaration presents "a naked right to institute a cause of action based on fraud" and that such a cause is not assignable, citing *Federal Gravel Co. v. Detroit & Mackinac R. Co.,* 263 Mich 341; *Cochran Timber Co. v. Fisher,* 190 Mich 478 (4 ALR 9); *Davis v. McCamman,* 168 Mich 587; *Fuller v. Bilz,* 161 Mich 589; *Hicks v. Steel,* 142 Mich 292 (4 LRA NS 279); and *Grand Trunk Western R. Co. v. H. W. Nelson Co.* (CCA 6), 116 F2d 823.

Plaintiff, relying principally on outstate decisions, alleges that the fraud as alleged "has produced injury to the property of the bankrupt" and that the rights and remedies of LaVoy against Hicks amounted, when the bankruptcy proceedings were instituted, to something more than a mere personal right to sue another for fraud.

The distinctive rules which this Court considered and adopted in *Sweet v. Converse,* 88 Mich 1, call for

---

* "The officer who shall make any sale on execution, shall, in his return on the execution, specify the articles sold, and the sum for which each article or parcel was sold; and if he shall be guilty of any fraud in the sale, or in the return, or shall unreasonably neglect to pay any money collected by him on such execution, when demanded by the creditor therein, he shall be liable to an action on the case, at the suit of the party injured, for 5 times the amount of the actual damages sustained by reason of such fraud or neglect." (CL 1948, § 623-.148 [Stat Ann § 27.1647].)

an order denying this motion to dismiss. In *Reeder Bros. Shoe Co.* v. *Prylinski,* 102 Mich 468, 470, 471, the Court again was asked to review and apply cases holding that a mere right to sue for fraud is not assignable. Having reviewed them, the Court said (p 471):

"But those cases are not like the present. Similar cases were referred to in *Sweet* v. *Converse,* 88 Mich 1, 12, in which it was said:

" 'All of the cases cited concede that the rule contended for—that a right of action for fraud is not' assignable—has no application to an assignment of something which is in itself tangible, capable of delivery, involving a right of property. In such case, the right to whatever remedy the assignor has follows the assignment.' "

And in *Howd* v. *Breckenridge,* 97 Mich 65, 69, the Court found occasion to apply the same rules, this way:

"The suggestion that the claim is one for fraud, and not assignable, is without merit. It is true, as a general proposition, that a distinct right of action for fraud is not assignable; but where the right to enforce a claim which is in itself assignable depends upon showing fraud incidentally, the rule has no application. The assignment of the claim carries with it the right to employ any remedy which is open to the assignor. See *Sweet* v. *Converse,* 88 Mich 1."

Defendants overlook the fact that title to the truck did not pass to Hicks until the plaintiff trustee, theretofore having succeeded to all rights and remedies of LaVoy against Hicks, elected to waive return of the truck by suing Hicks, and Hicks' surety, for damages accruing from a faked sale, and a fraudulent return, resulting in a tortious conversion. Plaintiff, standing in LaVoy's shoes from and after in-

stitution of bankruptcy proceedings against LaVoy, became vested with LaVoy's title to the truck and all remedies for recovery thereof or equivalent damages which by law LaVoy theretofore possessed against Hicks. Such remedies were alternative and elective. One was LaVoy's right by judicial process to take possession of the truck as against Hicks. The other was LaVoy's right to sue Hicks for conversion of the truck and for multiple damages under the statute. All such rights and remedies constituted property within meaning of said section 110. They were assignable under Michigan law and became electively suable by the plaintiff trustee.

Plaintiff's suit in essence is for a tortious taking and conversion of LaVoy's personal property. The right of action for such a taking and conversion is recognized as assignable (*Final* v. *Backus,* 18 Mich 218, 231; *Sayre* v. *Detroit, G. H. & M. R. Co.,* 205 Mich 294, 313, 314; 53 Am Jur, Trover and Conversion, § 140, pp 920, 921), and the right and its assignment are unaffected by the fact that the statute allows multiple damages (*Holmes* v. *Loud,* 149 Mich 410).

I would reverse and remand for entry of order denying defendants' motion to dismiss, with costs to plaintiff.

VOELKER and KAVANAGH, JJ., concurred with BLACK, J.

CARR, J. Plaintiff brought this action as trustee of the estate of Albert Charles LaVoy, bankrupt, to recover damages for alleged fraud. The declaration filed averred that in October, 1956, defendant Hicks was a deputy sheriff of Ingham county. The other defendant was the surety on his statutory bond. A creditor of LaVoy obtained judgment against him in the municipal court of the city of Lansing, and

writ of execution was placed in the hands of defendant Hicks for levy against the goods and chattels of the judgment debtor. Levy was made on a Ford pickup truck which was duly advertised for sale on October 29, 1956.

The declaration further alleged that the said vehicle was at the time of the sale of the value of approximately $1,100, and that it was sold to a bidder who was acting as the undisclosed agent of defendant Hicks, to whom the truck was transferred on or about December 17, 1956, for the sum of $375, the amount of the bid price at the sale. Paragraph 10 of the declaration read as follows:

"That this plaintiff elects to affirm the voidable sale to defendant Hicks and to seek damages flowing from the fraud practiced on Albert Charles LaVoy under the provision of section 148 of chapter 23 of PA 1915, No 314. as amended (CL 1948, § 623.148 [Stat Ann § 27.1647]), which provides that quintuple damages may be sought from an officer by anyone injured by the fraud of said officer associated with an execution sale conducted by him."

It was further averred in plaintiff's pleading that the conduct of the execution sale in the manner stated was a fraud on the rights of LaVoy and a breach of the condition of the bond given by defendant Hicks.

Defendants filed their answers to the declaration, denying plaintiff's claim of fraud and denying liability for damages. It was affirmatively asserted by defendants that the sale was properly conducted, that a bid from a third party for the sum of $350 was made, and that the said sum of $375 was the highest offer received. Defendant surety company further claimed that under pertinent provisions of the bankruptcy code plaintiff's declaration did not state a cause of action against said defendant.

The trial of the case before a jury began on March 30, 1959. Counsel then representing plaintiff made an opening statement to the jury as to the nature of the cause of action and the facts that plaintiff would establish and prove. At the conclusion of such statement defendants moved to dismiss, claiming that sufficient facts were not set forth in the opening statement to establish, if proved, the right to recover damages, and that the cause of action set forth in the declaration being based on fraud, plaintiff, as trustee, was not entitled to prosecute it. The trial judge in passing on the motion did not discuss the opening statement of counsel, but concluded that the objection raised to the bringing of the action by the trustee was well-founded. Defendants' motions were in consequence granted, and the following order was entered:

"This cause having come on to be heard and after the jury was sworn and the opening statement made by the counsel for the plaintiff, the defendants, by their counsel, moved for an order of dismissal for the reason that the declaration and the opening statement did not state a cause of action and that the cause of action sounded in fraud and under the bankruptcy act a cause of action based on fraud could not be transferred or assigned to the trustee or sued upon by the trustee in bankruptcy.

"After listening to argument of counsel and the court being fully advised in the premises, upon the motion of Paul C. Younger and Clayton F. Jennings, attorneys for the defendants,

"It is ordered, that the above cause shall be and is hereby dismissed with prejudice as to the plaintiff in the above cause."

From such order plaintiff has appealed.

Was the trial court in error in holding that La-Voy's cause of action for damages based on fraud, if such there was, did not pass by assignment to the

trustee in bankruptcy? Such question must be determined with reference to the law of this State relating to the matter. In *Cochran Timber Co.* v. *Fisher*, 190 Mich 478, 481 (4 ALR 9), it was declared that:

"The general rule is well established and has been often recognized by this Court in varying language that a right of action for fraud is personal and not assignable."

In support of the statement quoted several prior decisions of like import were cited, including *Lewis* v. *Rice*, 61 Mich 97; *Stebbins* v. *Dean*, 82 Mich 385; *Smith* v. *Thompson*, 94 Mich 381. If, as claimed, the execution sale was fraudulently conducted by defendant Hicks, the judgment debtor, LaVoy, might have questioned it by appropriate action. It does not appear that he has done so. The question as to his present right to bring such an action is not before us. At the time the bankruptcy proceeding was instituted no action was pending to recover the pickup truck, or to recover damages for alleged fraud. The title acquired at the sale by the party whose bid was accepted, and subsequently by defendant Hicks, was not void but voidable, assuming the existence of the fraud claimed. *Cochran Timber Co.* v. *Fisher*, supra; *Vanderlinde* v. *Bankers Trust Co.*, 270 Mich 599, 604.

It is suggested that if LaVoy had the right to elect whether to pursue the property or seek damages such right passed to the plaintiff trustee by operation of law. In stating in his declaration that he elected to affirm the voidable sale to Hicks and to seek damages under the statute (CL 1948, § 623.148 [Stat Ann § 27.1647]), plaintiff recognized the voidable title of defendant Hicks and proceeded on the assumption that he was entitled to elect as to the remedy to be pursued. However, if LaVoy had

affirmed the sale, it is apparent that the right to sue for damages would not have passed to plaintiff. The practical situation is that if the right of election devolved on the trustee in bankruptcy, entitling him to sue for damages, such right passed to him by assignment. Any such claim is clearly at variance with the long recognized rule in this State that an action for damages for fraud may not be prosecuted by an assignee thereof.

Attention has been called to the language found in certain prior decisions, among which is *Sweet* v. *Converse,* 88 Mich 1. There the plaintiff filed a judgment creditor's bill to reach assets in the hands of an alleged fraudulent holder. The assets sought to be reached were tangible personal property claimed to have been transferred in such manner as to operate as a fraud upon certain creditors. In discussing the situation it was said (p 12):

"All of the cases cited concede that the rule contended for, that a right of action for fraud is not assignable, has no application to an assignment of something which is in itself tangible, capable of delivery, involving a right of property. In such case, the right to whatever remedy the assignor has follows the assignment. Here valid judgments were assigned to complainant. They would have survived to the personal representatives of the assignors. Complainant does not set up a right acquired by assignment from the Newaygo Manufacturing Company. It has nothing to assign but a naked right to bring suit. Complainant may avail himself of any remedy open to his assignors; nor does the fact that he, before these judgments were assigned to him, proved up in the foreclosure proceedings a claim then held by him, which was declared to be secured by said mortgage, affect this right."

The language quoted must be construed in the light of the controversy then before the Court. The

case was not an action for damages for fraud but, rather, one to reach tangible property. The plaintiff had acquired judgments that he was entitled to enforce by reaching such assets, if possible. It must be borne in mind that in the case now before us the plaintiff is not seeking to recover the possession of the pickup truck. He has undertaken to waive his right to pursue the property and is, in fact, seeking to recover on the basis of a nonassignable cause of action.

In *Howd* v. *Breckenridge,* 97 Mich 65, the action was brought to reach property claimed to have been conveyed in fraud of creditors. The court, as in *Sweet* v. *Converse, supra,* recognized the general rule that a right of action for fraud is not assignable, and also pointed out that such rule would not prevent showing fraud incidentally as the basis for enforcing an assignable claim to tangible assets. Had an action been brought by LaVoy, or by the plaintiff trustee, to recover possession of the truck, the alleged fraud at the execution sale might, of course, have been shown, but the fact remains that such form of action was not adopted.

Consistent with the foregoing decisions is *Reeder Bros. Shoe Co.* v. *Prylinski,* 102 Mich 468. That was an action in replevin to recover a stock of merchandise. The claim was raised by defendant that plaintiff could not maintain the action because it, as assignee, could not sue for fraud and deceit. In answering such objection it was pointed out by the Court (p 471) that such was not the form of action involved, that the object sought to be attained was the recovery of property, and that the transaction did not involve "an assignment of a right of action for the fraud, but the right of the assignor to recover the specific property." These decisions and others of like import may not be regarded as supporting plaintiff's claim that a right of election of remedies

passed to him enabling him to assert a cause of action based on a claimed assignment by operation of law of the right of the bankrupt to sue for damages on the theory of fraud. The trial judge was right in concluding, as set forth in his opinion, that plaintiff trustee could not maintain the action brought by him on the basis of such claimed assignment.

This brings us to a consideration of the claim of the defendants that the opening statement of counsel for the plaintiff failed to state facts that if established by proof would have warranted recovery of damages for fraud. It may be noted in this connection that while the circuit judge did not discuss such basis of the motions to dismiss, nonetheless the order entered referred thereto. As pointed out in *Heck* v. *Bailey,* 204 Mich 54, 57:

"Courts do not speak through their opinions but through their judgments and decrees (15 RCL, Judgments, § 3, p 570), therefore the announcement of the learned circuit judge at the conclusion of the testimony may be disregarded."

If such ground for dismissal was well-founded, the order entered must be sustained. That a motion for a directed verdict may be based on the insufficiencies of an opening statement is recognized under established practice.

In *In re Bailey's Estate,* 213 Mich 344, the circuit judge presiding on the trial of a will contest granted a motion by proponents for directed verdict based on the opening statement of counsel for contestants. It was asserted as the basis of the motion that if contestants proved all that their attorney stated that he expected to prove it would be insufficient to justify a verdict against the will. As appears from the record in the case, said statement indicated that certain difficulties had arisen between the testator and his family, and that there was an opportunity for

the exercise of undue influence by the principal beneficiary. However, no facts were set forth on which to predicate a finding that such influence had been exercised, or even attempted. The judgment entered on the motion was therefore affirmed.

In the instant case it must be said that the opening statement of plaintiff's attorney did not follow the declaration. The jury was told of the execution on the judgment against LaVoy, the seizure of the truck, and the execution sale. Reference was made to the bidding in of the property and its subsequent transfer to defendant Hicks, but no reference was made to a collusive agreement between Hicks and the party submitting the bid. Counsel then stated that:

"It is our contention that the sale of that truck was fraudulent in that it had a much higher value than what the purported purchase price was."

It was further stated that proofs would be offered as to the value of the truck at the time it was purchased by LaVoy, at the time of the execution sale, and also on the date when it was transferred to defendant Hicks. If the trial had proceeded and proofs had been offered establishing no more than the facts covered in the opening statement, it is apparent that plaintiff would not have been entitled to judgment. The mere fact that the highest bid received at the sale was less than the actual value of the property did not establish fraud on the part of the officer conducting such sale.

On behalf of appellant it is argued that the trial judge should have assisted counsel by pointing out the insufficiencies in the statement as made. Reliance is placed in this regard on certain language in the opinion of the Court in *Haynes* v. *Maybury,* 166 Mich 498, 503. There the action was instituted by plaintiff against his landlord to recover damages for

failure to make necessary repairs to the plumbing in the premises rented by defendant to plaintiff. On the conclusion of the opening statement of plaintiff's counsel the trial judge indicated that in his opinion the right of recovery was governed by the holding of this Court in a previous decision. However, the attorney for defendant requested the privilege of putting in certain testimony, which consisted of the cross-examination of the plaintiff, thereby making a partial record in the case. The trial judge then directed a verdict in favor of defendant. In reviewing the record this Court concluded that the prior decision on which the circuit judge relied was not in point in that it involved a different factual situation. It was pointed out (p 503) that:

"*Prima facie,* the statement made out a case of negligence against defendant which entitled the plaintiff to put in his proofs, and doubtless, if his attention had been called to the fact that he had failed to state that he expected to prove that plaintiff was free from conributory negligence, he would have covered that subject in his statement."

Obviously if the statement as made was sufficient, it needed no amplification. It set forth the facts quite fully in such manner as to indicate negligence on defendant's part, and also plaintiff's acts with reference to the situation of which he complained. It might well have been contended that the statement of such facts negatived contributory negligence. However, the verdict apparently was not directed on the failure to refer specifically to such matter, but on the basis that under the prior decision on which the trial judge relied there was no liability on the ground of alleged negligent failure to repair. In finding that the opening statement was in effect sufficient to establish a *prima facie* case of negligence, the Court as a practical proposition deter-

mined the issue. In commenting on the situation, it was further said (pp 502, 503):

"After reconsidering his order to the clerk to take the verdict upon the opening statement and entering upon the trial, the plaintiff should have been permitted to call witnesses, if he chose, to cover phases of his case not covered by his own testimony.

"Furthermore, we are of the opinion that, before directing a verdict upon an opening statement, the counsel should be informed as to the points in which he has failed to state a case. He was informed in this case substantially that he had no case because the defendant was not liable for a negligent failure to repair upon the authority of *Rhoades* v. *Seidel,* 139 Mich 608 (18 Am Neg Rep 135)."

: It may be noted that the Court in the *Haynes Case* did not go to the extent of saying, even by way of dicta, that the trial judge owed a duty to plaintiff's counsel to suggest to him that he should amplify his opening statement. The trial judge apparently did indicate the basis on which he predicated his ruling, namely, that defendant was not liable under authority of the prior decision cited.

In the case at bar plaintiff and his counsel were apprised by the motion for directed verdict with reference to defendants' claims as to the insufficiencies in the opening statement. No request was made that counsel be permitted to amplify his statement or correct it. It appears that the argument on the motions covered the situation quite fully. Under the circumstances we are not in accord with appellant's claim that the trial judge should in effect have advised that an amended or supplemental statement be offered. As before noted, the statement did set forth wherein it was claimed the fraud relied on was committed, that is, the sale at less than the actual value of the truck. This was a departure from the theory of the declaration. It may be noted in

passing that in the case of *In re Bailey's Estate, supra,* counsel for plaintiff did not ask for leave to add to his opening statement, nor did the trial judge indicate to him that he should do so.

If either ground advanced in support of the motions for a directed verdict was well-founded, the order entered must be affirmed. It is our conclusion that in fact the order was properly based on both reasons advanced on behalf of defendants. The order from which the appeal has been taken is affirmed, with costs to appellees.

DETHMERS, C. J., and KELLY, SMITH, and EDWARDS, JJ., concurred with CARR, J.