**Arthur M. SCHUELER, Trustee in Bankruptcy of James Burton Williams, also known as Burton Williams, Plaintiff,**

v.

**PHOENIX ASSURANCE COMPANY OF NEW YORK, a New York Corporation, Defendant.**

Civ. A. No. 23047.

United States District Court
E. D. Michigan, S. D.

Nov. 18, 1963.

I. Goodman Cohen, Detroit, Mich., for plaintiff.

John Feikens, Altero J. Alteri, Detroit, Mich. (Feikens, Dice, Sweeney & Sullivan, Detroit, Mich.) for defendant.

THORNTON, District Judge.

Plaintiff herein is the Trustee in Bankruptcy of one James Burton Williams against whom a judgment in the amount of $37,000.00 was entered upon a jury verdict in the Circuit Court for the County of Wayne, State of Michigan. In the State court action Williams was sued by one Richard Clyde Young for injuries resulting from an automobile accident in which Young and Williams were involved. Defendant *here* was the insurance carrier of Williams by virtue of an automobile insurance policy which limited the liability of said insurer to $10,000.00. This action is brought to recover the amount of the judgment obtained against Williams in excess of the policy limit. The parties here are in agreement

that the State court action could have been settled for the policy limit,

that defendant Phoenix was in charge of and responsible for the representation of Williams in that suit,

that defendant Phoenix determined not to agree to the settlement which Young was willing to accept but to proceed to litigate the issues of liability and damages,

that Williams was advised by Phoenix he might obtain counsel of his own choosing and at his own expense to defend him,

that Williams agreed to and was satisfied with the legal representation supplied by Phoenix,

that judgment in the amount of $37,000.00 was entered against Williams,

that Phoenix has paid to Young the $10,000.00 for which it was liable under the terms of the contract of insurance with Williams.

Plaintiff's cause of action is based on 11 U.S.C.A. § 110, sub. a (5) and (6) which provides as follows:

"The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, except insofar as it is to property which is held to be exempt, to all of the following kinds of property wherever located * * *; (5) property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered: * * *; (6) rights of action arising upon contracts, or usury, or the unlawful taking or detention of or injury to his property; * * *."

Defendant moves for summary judgment in its favor contending that plaintiff is legally barred from prosecuting this action under either subsection (5) or subsection (6) of 11 U.S.C.A. § 110, sub. a. As to subsection (6) defendant contends that plaintiff's cause of action, if any, is not one arising upon contract since defendant has fully performed its obligations under the contract of insurance between it and Williams * * * it has defended the State court suit against Williams and has paid the judgment up

to the policy limit and there is no requirement in the policy that the insurance company must settle a case brought against its insured. Defendant cites, among other cases, the case of Bentley v. Farmers' Insurance Exchange, 289 F.2d 59 (6 Cir., 1961), as authority for the proposition that an action for wrongful refusal to settle a case is one sounding in tort, not in contract. Turning then to subsection (5) of 11 U.S.C.A. § 110, sub. a it is the position of defendant that it must be determined whether plaintiff's right of action is one which, prior to the filing of the petition, the bankrupt "could by any means have transferred"; that the law of Michigan controls on the question of assignability of this type of right of action and that under the law of Michigan the right of action here asserted is not assignable and therefore the trustee is without standing to bring this suit.

In opposition to defendant's motion for summary judgment plaintiff asserts three contentions in relation to the theory underlying his cause of action: (1) that defendant was guilty of negligence in fulfillment of its contract with its insured; (2) that defendant breached the covenant to defend in good faith; and (3) that defendant was guilty of bad faith in furthering its own interest to the disadvantage of its insured.

In the Bentley case, supra, which case is similar to the instant one, the Court of Appeals for the Sixth Circuit has held that

"This case is governed by Michigan law under which an insurer is not liable for an excess of the judgment over the face of a policy unless it fraudulently or in bad faith refuses to settle within the policy limits. Mere negligence or error in judgment do not constitute fraud or bad faith."

In order for plaintiff to prevail in this action he would therefore be required to prove bad faith on the part of this defendant in refusing the settlement figure which Young offered to accept. In regard to the power to control settlements which inures to the insurer by virtue of its contract with the insured, the Michigan Supreme Court has said this:

"The use of the power in bad faith, for improper motives, or for other purpose than that for which it was granted, would constitute a fraud upon insured and be actionable if injury results to him therefrom." Wakefield v. Globe Indemnity Co., 246 Mich. 645, 651, 225 N.W. 643, 645.

In Jones v. Hicks, 358 Mich. 474, 483, 100 N.W.2d 243, 245, the Michigan Supreme Court has reiterated "the long recognized rule in this State that an action for damages for fraud may not be prosecuted by an assignee thereof." This brings us full circle to subsection (5) of 11 U.S.C.A. § 110, sub. a, the effect of which in this posture of the case is to leave the Court with no alternative but to grant defendant's motion. Plaintiff's bankrupt could not, prior to the filing of the petition, have by any means transferred his right of action for bad faith on the part of defendant in refusing to settle the State court lawsuit, bad faith in such a situation having been held by the Michigan Supreme Court to constitute fraud.

Defendant may present a judgment accordingly.