In re Francis Leroy BAKER, Debtor.

**Francis Leroy BAKER,
Plaintiff-Appellee,**

v.

**Sylvia AUGER, Guardian of Christopher Bidwell, Defendant-Appellant.**

**No. 82–1060.**

United States Court of Appeals,
Sixth Circuit.

March 30, 1983.

Daniel Loznak, Cheboygan, Mich., for defendant-appellant.

Eric Zimostrad, Bay City, Mich., for plaintiff-appellee.

Before KEITH, MERRITT and KENNEDY, Circuit Judges.

ORDER

Appellant Sylvia Auger, as next friend to her son Christopher Bidwell, appeals a decision by District Judge Harvey affirming the dismissal by Bankruptcy Judge Walker of an involuntary bankruptcy petition. The appellant commenced the involuntary petition in bankruptcy against the appellee, Leroy Baker, in order to receive an assignment of the right to sue Baker's insurance company.

The appellant's two sons were injured in an automobile accident while riding in appellee's vehicle. The parties reached a settlement of the appellant's state court negligence action which was formalized in a court approved consent judgment requiring Baker to pay $200,000 and his insurance carrier to pay $50,000 to the appellant. Baker was covered under an insurance policy for a maximum of $50,000 per person injured in an accident resulting from the operation of his motor vehicle. The appellant filed the involuntary bankruptcy petition when it became clear that Baker was unable to meet his obligation under the settlement agreement to pay $200,000. They sought to obtain in the bankruptcy proceedings an assignment of the appellee's right to sue his insurance company for bad faith failure to settle appellant's claim. The appellant has acknowledged that absent such an assignment the petition for involuntary bankruptcy should be dismissed because Baker has no other assets for the satisfaction of appellant's claim.

Under § 541(a) of the Bankruptcy Code, the bankrupt estate includes choses in action and claims held by the debtor against third parties only if the claims could have been assigned prior to bankruptcy. Consequently, the question before this Court reduces to whether under Michigan law the right to sue an insurance company for the bad faith failure to settle may be assigned to a third party creditor through an involuntary bankruptcy proceeding. We hold that this chose in action is not assignable under Michigan law and that, therefore, the Bankruptcy Court correctly dismissed the involuntary petition.

The two leading cases on this subject hold that a right to pursue an action in fraud is not assignable under Michigan law. In *Jones v. Hicks,* 358 Mich. 474, 100 N.W.2d 243 (1960), the Michigan Supreme Court held that a trustee in bankruptcy may not obtain by assignment the right to sue an official for conducting a fraudulent execution sale. The Court stated broadly that:

'The general rule is well established and has been often recognized by this court in varying language that a right of action for fraud is personal and not assignable.'

358 Mich. 474, 476, 100 N.W.2d 243 (quoting *Cochran Timber Co. v. Fisher,* 190 Mich. 478, 157 N.W. 282, 283). The Court concluded that:

The practical situation is that if the right of election devolved on the trustee in bankruptcy, entitling him to sue for damages, such right passed to him by assignment. Any such claim is clearly at variance with the long recognized rule in this State that an action for damages for fraud may not be prosecuted by an assignee thereof.

*Id.* at 476, 157 N.W. 283.

Subsequently, in *Schueler v. Phoenix Assurance Co. of New York,* 223 F.Supp. 643 (E.D.Mich.1963), the District Court reiterated that under Michigan law the right to sue for tortious misconduct amounting to fraud is not assignable to third parties. In *Schueler,* the plaintiff sought to obtain from the debtor the right to sue the debtor's insurance company for its wrongful failure to settle a case. The Court held that such allegedly bad faith dealing by the insurance company constituted fraud under Michigan law. Citing *Jones, supra,* with approval, the Court concluded that:

Plaintiff's bankrupt could not, prior to the filing of the petition, have by any means transferred his right of action for bad faith on the part of the defendant in refusing to settle the State court lawsuit, bad faith in such a situation having been held by the Michigan Supreme Court to constitute fraud.

*Id.* at 645.

We find that these two cases remain the current statement on this issue of Michigan

law despite the ambiguous language cited by appellants from several lower state court opinions. *See, e.g., Lisiewski v. Country Wide Insurance Co.,* 75 Mich.App. 631, 255 N.W.2d 714 (1977); *Rutter v. King,* 57 Mich. App. 152, 226 N.W.2d 79 (1974).

Therefore, the District Court's Order affirming the dismissal of the involuntary petition in bankruptcy is hereby affirmed.