Jack E. BENKERT, M.D., Allen B. Couch, and Hartford Accident and Indemnity Co., Plaintiffs,

v.

MEDICAL PROTECTIVE COMPANY, Defendant.

Civ. A. No. 79–70352.

United States District Court, E.D. Michigan, S.D.

June 17, 1986.

Lee A. Stevens and Dennis J. Mendis, Detroit, Mich., for plaintiffs.

Richard A. Patterson, Bloomfield Hills, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

PHILIP PRATT, Chief Judge.

On January 31, 1986 this court entered a judgment of dismissal pursuant to F.R. Civ.P. 58, dismissing three out of the four counts in the plaintiffs' complaint, and also dismissing all but one plaintiff from this action. On February 14, 1986 the plaintiffs' motion for rehearing was denied. The plaintiffs now move for certification, pursuant to F.R.Civ.P. 54(b), of this court's February 14 order for purposes of immediate appeal.

Plaintiffs Jack Benkert, M.D., Allen B. Couch, and Hartford Accident & Indemnity Co. brought this action to recover for defendant's alleged negligence and bad faith in failing to settle a malpractice suit brought against Benkert by Couch in 1972. The defendant, Medical Protective Company, was Dr. Benkert's primary insurer, providing $100,000 in coverage, while plaintiff Hartford was the excess insurer, providing $1,000,000 of coverage. In 1976 the malpractice case between Couch and Dr. Benkert went to trial, resulting in a jury verdict in Couch's favor of $510,000, the judgment with interest amounting to over

---

**14.** *Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111, 116 (2d Cir.1982).

$600,000. The defendant paid $100,000 towards the judgment, and Hartford contributed $550,000, leaving a balance owing to Couch of more than $100,000. Dr. Benkert then assigned to both Couch and Hartford whatever cause of action he might have against Medical Protective, retaining a claim for emotional and physical damages.

The gravamen of this action is that the malpractice case should never have gone to trial, and that the defendant acted negligently and in bad faith when it failed to settle the case within policy limits. The complaint set forth the following claims:

Count One: Benkert for emotional and physical distress arising from the defendant's failure to settle.

Count Two: Couch, having been assigned Benkert's cause of action against Medical Protective, for bad faith failure to settle.

Count Three: Hartford, having also been assigned Benkert's cause of action against the defendant.

Count Four: Hartford, on its own behalf, against Medical Protective for negligent and bad faith failure to settle.

On November 7, 1983, this court heard the defendant's motions to dismiss the first three counts of the complaint. The court denied the motion as to Count One and reserved its decision on the remaining counts pending certification of certain legal issues to the Michigan Supreme Court. The Michigan Supreme Court by a 4 to 3 majority declined to decide those questions.

Upon rehearing, the court dismissed counts one, two and three for the reasons stated in its memorandum opinion and order of January 31, 1986. Count One was dismissed on the grounds that Benkert's claim for exemplary damages was barred by the general rule precluding such recovery in contract cases expressed in *Kevin v. Massachusetts Mutual Life Ins. Co.*, 409 Mich. 401, 295 N.W.2d 50 (1981). Counts two and three were dismissed pursuant to the Sixth Circuit's holding that causes of action for bad faith failure to settle cannot be assigned under Michigan law. *Baker v. Auger*, 709 F.2d 1063 (6th Cir.1983).[1] The court then denied the plaintiffs' motion to reconsider this decision.

F.R.Civ.P. 54(b) allows a district court to enter a final judgment when some, but not all issues have been finally adjudicated, and release those issues for immediate appeal, where there has been "an express determination that there is no just reason for delay." The Sixth Circuit has recently held that while such a decision lies within the discretion of the district court, the proper exercise of that discretion requires the court to provide a "reasoned statement" setting forth the grounds upon which it entered a final judgment. *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58 (6th Cir.1986). A "boilerplate" recitation of the language of the statute will not suffice.

Rule 54(b) attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties. *Solomon*, 782 F.2d at 60. This discretionary power must be used only after "due deliberation," and should not be exercised "routinely or as a courtesy or accommodation to counsel." *Id.*, 782 F.2d at 60. Certification may be authorized only in the "infrequent harsh case." *Id.* Some of the factors relevant in considering Rule 54(b) certification requests include (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might be mooted by later developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, expense, and the like. *Id.*, at 61, n. 2.

Certification is warranted in this case. The issues the parties seek to take up on appeal are legal ones unrelated to those which remain before this court. There is

---

1. It was this issue which was certified to the Michigan Supreme Court, which declined to hear the dispute.

no possibility that the reviewing court will have to review these issues a second time. Most importantly, certification could speed the resolution of this lawsuit, and avoid unnecessary expenditure of both time and money on the part of the court and the parties. The gravamen of the complaint is negligent and bad faith failure to settle on the part of the defendant. That claim is at the heart of all four counts. If this court denies certification of its dismissal of counts one, two and three and is reversed only after proceeding to trial on count four, the result would be another trial on almost the identical issues. This would also create the possibility of conflicting results arising out of an identical factual base. For these reasons, the court finds that certification is appropriate in this case.

Accordingly, the plaintiffs' motion for certification is granted, and the court's order of February 14, 1986 denying the plaintiffs' motion for rehearing will be entered as a final judgment.

IT IS SO ORDERED.

### JUDGMENT

On January 31, 1986 this court dismissed three counts of the plaintiffs' complaint, and on February 14, 1986 denied the plaintiffs' motion for a rehearing of that decision. For the reasons stated in its Memorandum Opinion and Order, and pursuant to F.R.Civ.P. 54(b), the court directs that the February 14, 1986 order be entered as a final judgment of dismissal as to counts one, two and three of the plaintiffs' complaint. Therefore, a separate and final judgment of dismissal as to these counts is hereby entered.

IT IS SO ORDERED.