**In re Carl COTTRELL, Paula Cottrell, Debtors.**

**Carl COTTRELL Paula Cottrell, Appellants,**

v.

**J. Baxter SCHILLING, Appellee.**

**No. C 87–0623–L(B).**

United States District Court, W.D. Kentucky, Louisville Division.

Dec. 29, 1987.

Arthur C. Coaplen, Fisherville, Ky., for appellants.

J. Baxter Schilling, Louisville, Ky., Trustee.

**MEMORANDUM**

BALLANTINE, District Judge.

Carl and Paula Cottrell (Debtors) appeal from a judgment of the United States Bankruptcy Court for the Western District of Kentucky authorizing the employment of the law firm Schilling & Schilling, as attorneys for the appellee, J. Baxter Schilling (Trustee), to litigate the debtors' claims against Charles R. Booth II (Booth) for personal injury and loss of consortium.

On June 24, 1986, Carl Cottrell allegedly sustained personal injuries as a result of an automobile accident involving Booth. The debtors filed a Chapter 7 petition on October 27, 1986, listing a cause of action for

personal injury against Booth as a contingent and unliquidated asset. The debtors subsequently amended their petition to reflect the statutory exemption relating to compensation for personal injury and loss of future earnings. KRS 427.150(2)(c) and (d).

On December 22, 1986, the debtors, through attorneys Arthur Coaplen and Theodore Mussler, filed tort claims against Booth for personal injury and loss of consortium.

On February 5, 1987, the Bankruptcy Court approved the motion of the trustee to appoint his law firm, Schilling & Schilling, to represent the trustee in "matters relating to the administration of the estate, including a claim for personal injuries. . . ." The debtors' motion to set aside the February 5th order was overruled on September 2, 1987, and a judgment was entered. The debtors now appeal from this judgment and a subsequent order overruling their motion to alter or amend the judgment.

The debtors allege that the Bankruptcy Court erred in authorizing Schilling & Schilling to litigate claims related to Carl Cottrell's personal injuries because 1) unliquidated claims for personal injuries are excludable from the bankrupt estate, 2) claims arising from personal injuries are exempt; and 3) the interests of the trustee and the debtor conflict. In addition, the debtors complain that the Court failed to address the exclusion of exempt property from the bankrupt estate.

The debtors argue that Title 11 U.S.C. § 541(a) excludes a debtors' unliquidated claims for personal injury when the claims are neither assignable nor attachable. To support this argument, debtors cite to Kentucky case law holding that unliquidated personal injury claims may not be assigned and also to *In re Baker*, 709 F.2d 1063 (6th Cir.1983), which upheld the dismissal of an involuntary bankruptcy petition, commenced by a third party creditor in order to receive an assignment of the right to sue an insurance company for the bad faith failure to settle a lawsuit with the creditor. In the case before this Court, the Bankruptcy Court correctly found the *Baker*

decision inapplicable to a case involving a voluntary petition and the presence of a trustee to represent the bankrupt estate.

In arriving at its decision, the *Baker* court relied on *Jones v. Hicks*, 358 Mich. 474, 100 N.W.2d 243 (1960) and *Schueler v. Phoenix Assurance Co. of New York*, 223 F.Supp. 643 (E.D.Mich.1963), holding that a right to pursue an action in fraud is not assignable under Michigan law. Both *Jones* and *Schueler* were decided prior to the Bankruptcy Reform Act of 1978. Title 11 U.S.C. § 101 et seq. Under the Bankruptcy Reform Act, the definition of the bankrupt estate was changed.

Title 11 U.S.C. § 541(a)(1) now defines the bankrupt estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case."

"The scope of this paragraph is broad. It includes all kinds of property, including tangible or intangible property, causes of action ... and all other forms of property currently specified in section 70(a) of the Bankruptcy Act...."

*Tignor v. Parkinson*, 729 F.2d 977, 980 (4th Cir.1984), citing to Legislative History, 1978 U.S.Code Cong. & Ad.News at 5868, 6323.

■ Under the Bankruptcy Reform Act, the debtors' tort claims, possessed at the commencement of the bankruptcy action are property of the estate, subject to administration by the trustee and the supervision of the Bankruptcy Court.

The debtors next argue that they are entitled to the exemptions listed under Title 11 U.S.C. § 522(d) and that this entitlement is authorized by 11 U.S.C. § 522(b). Debtors have claimed the limited exemptions available to them under KRS 427.150.

Title 11 U.S.C. § 522(b)(1) grants to each state the right to "opt out" of the federal exemptions and set up a separate mandatory statutory exemption scheme. Kentucky opted out of the federal exemption scheme in 1980 and therefore the state scheme provides the only exemptions available to the debtors. KRS 427.170.

The debtors also contend that because the trustee manages the estate funds for

the benefit of creditors, the interests of the debtors and the trustee conflict, precluding the employment of the trustee's law firm without the debtors' consent.

■ As the Bankruptcy Court pointed out, the trustee represents neither the creditor nor the debtor. The trustee represents the estate. Title 11 U.S.C. § 323(a). Schilling obtained court approval for the selection of his law firm to represent the estate. Title 11 U.S.C. § 327. There is no conflict of interest between the trustee and the debtor.

The debtors' final argument concerns their motion to amend the judgment to exclude exempt property, namely the $7,500 exemption claimed for Carl Cottrell's personal injuries, from the bankrupt estate.[1] Debtors complain that the Bankruptcy Court failed to address this issue in its judgment.

The debtors insist that since the trustee failed timely to object to their plea for the statutory exemptions, the exempt property has reverted to the debtors and with that revision, the debtors now have the exclusive right to pursue their tort claims, at least to the limit of $7,500. See KRS 427.-150(2)(c).

However, because no money relating to the tort claim has yet been paid over to the trustee, the Bankruptcy Court cannot adjudicate the amount of the recovery for personal injury, if any, that will revert back to the debtors. *In re Geis,* 66 B.R. 563 (N.D. Ga.1986).

For the reasons discussed in the memorandum above, the judgment of the United States Bankruptcy Court for the Western District of Kentucky, and the order overruling the debtors' motion to alter or amend the judgment are hereby affirmed.

---

**1.** The debtors also filed an exemption for "a payment ... in compensation for loss of future earnings...." However, on appeal, the debtors' argument appears to be based on the $7,500 personal injury exemption.