**In re Carl COTTRELL and Paula Cottrell, Debtors.**

**Carl COTTRELL and Paula Cottrell, Plaintiffs–Appellants,**

v.

**J. Baxter SCHILLING, Trustee, Defendant–Appellee.**

No. 88–5231.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 7, 1988.

Decided June 5, 1989.

Arthur C. Coaplen (argued), Fisherville, Ky., for debtors.

J. Baxter Schilling (argued) Louisville, Ky., for defendant-appellee.

Before: KENNEDY, KRUPANSKY and BOGGS, Circuit Judges.

KRUPANSKY, Circuit Judge.

Plaintiffs-appellants, Carl and Paula Cottrell (Cottrells) have appealed from the decision of the United States District Court for the Western District of Kentucky authorizing the defendant-appellee, J. Baxter Schilling (Schilling), trustee of the Cottrells' bankruptcy estate, to litigate the Cottrells' personal injury claim against Charles R. Booth (Booth).

The Cottrells filed a Chapter 7 voluntary petition in bankruptcy on October 27, 1986, which listed as a contingent asset their cause of action for personal injury against Booth, which arose as a result of a June 24, 1986 automobile accident. They had not commenced any legal proceedings against Booth before declaring their joint bankruptcy. The Cottrells listed $52.18 as priority indebtedness, $800.00 of secured indebtedness, and $10,965.14 as unsecured indebtedness in their petition for bankruptcy. At the first meeting of the creditors on December 9, 1986, Schilling listed the personal injury claim as an "asset" of the bankruptcy estate.

On December 22, 1986, the Cottrells, through their attorneys Arthur C. Coaplen and Theodore L. Mussler, Jr., filed an ac-

tion against Booth in the Jefferson Circuit Court of Kentucky wherein they alleged personal injuries sustained by Carl Cottrell and loss of consortium by Paula Cottrell as a result of the accident.

On February 2, 1987, Schilling filed a motion in the bankruptcy court to retain the law firm of Schilling and Schilling to represent him as Trustee of the Cottrells' bankruptcy estate in "matters relating to the administration of the estate, including a claim for personal injury." On the following day, February 3, 1987, Schilling informed the Cottrells' counsel that his firm, Schilling and Schilling, would assume the prosecution of the personal injury action. The Cottrells' counsel refused to withdraw from the Cottrell personal injury action against Booth charging that the action was property which was excludable from the bankruptcy estate.

On February 4, 1987, the bankruptcy court granted Schilling's motion to retain the law firm of Schilling and Schilling in all matters relating to the Cottrells' bankruptcy estate including their personal injury action against Booth, pursuant to 11 U.S.C. § 327. On February 9, 1987, the Cottrells moved to "set aside" the bankruptcy court's order of substitution in their personal injury action. The bankruptcy judge, on September 2, 1987, denied the Cottrells' motion to set aside its February 4, 1987 order concluding that a personal injury action was property of the bankruptcy estate as defined by the Bankruptcy Act of 1978, 11 U.S.C. § 541.

The Cottrells thereafter commenced a timely appeal to the United States District Court for the Western District of Kentucky. The Cottrells argued that the personal injury claim was not property of the bankruptcy estate because it was unassignable under Kentucky law and, therefore could not be transferred to a third party, i.e., the bankruptcy trustee. The district court, on December 29, 1987, determined that under 11 U.S.C. § 541(a)(1) a personal injury claim was a proper asset of bankruptcy estate and affirmed the decision of the bankruptcy court. *In re Cottrell*, 82 B.R. 45 (W.D.Ky.1987). The Cottrells thereafter filed a timely appeal to this court.

Jurisdiction of an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158 which provides:

(a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

\* \* \* \* \* \*

(d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) ... of this section.

This section has been interpreted to vest a court of appeals with jurisdiction when both the bankruptcy and district courts' orders are "final." *In the Matter of Phillips*, 844 F.2d 230 (5th Cir.1988); *In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1395 (5th Cir.1987) (the court of appeals has jurisdiction to review an order "if *both* the bankruptcy and district courts have entered final orders."). Conversely, if the bankruptcy court's order is interlocutory "the general rule is that a court of appeals lacks jurisdiction unless the district court order in some sense 'cures' the nonfinality of the bankruptcy court order." *In the Matter of Phillips*, 844 F.2d at 235. *See also In the Matter of Greene County Hospital*, 835 F.2d 589 (5th Cir.1988). The concept of "finality" in the bankruptcy context for purposes of appellate review to both the district court and court of appeals "should be viewed functionally." *In re Amatex Corp.*, 755 F.2d 1034, 1039 (3d Cir.1985); *accord In re Johns–Manville Corp. (Dubin v. SEC)*, 824 F.2d 176, 179 (2d Cir.1987). "In this regard, [the courts of appeals] have consistently considered finality in a more pragmatic and less technical way in bankruptcy cases than in other

situations." *In re Amatex Corp.*, 755 F.2d at 1039.

Generally, a bankruptcy court's order approving or substituting counsel in a bankruptcy proceeding is not appealable. *See In re Delta Services Industries*, 782 F.2d 1267, 1272 (5th Cir.1986) (substituting counsel); *compare Bauer v. Commerce Union Bank*, 859 F.2d 438 (6th Cir.1988) (substituting trustee as plaintiff in place of the debtors in an action against a bank for emotional distress), *cert. denied,* — U.S. ——, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989). In the case at bar, although the vehicle of the instant appeal is nominally a motion to substitute legal counsel in the Cottrells' personal injury action against Booth, in fact, the appeal is from a final order of the bankruptcy court declaring the Cottrells' personal injury action an asset of the bankruptcy estate. *In the Matter of Jones*, 768 F.2d 923, 925 n. 3 (7th Cir.1985); *Sumy v. Schlossberg*, 777 F.2d 921, 923 (4th Cir.1985) ("Grant or denial of claim exemption is a final appealable order from bankruptcy proceedings."); *In re White*, 727 F.2d 884, 885–86 (9th Cir.1984) (same); *John T. Mather Memorial Hospital, Inc. v. Pearl*, 723 F.2d 193, 194 n. 1 (2d Cir.1983) (same).

On appeal to this court, the Cottrells, relying upon this circuit's per curiam order in *Baker v. Auger*, 709 F.2d 1063 (6th Cir.1983), assert that their personal injury action was not property of the bankruptcy estate because it was nontransferable to a third party under Kentucky law. This court has reviewed the per curiam order in *Baker* in conjunction with 11 U.S.C. § 541(a)(1)[1] of the Bankruptcy Reform Act

of 1978, and it appears that the *Baker* decision applied pre-Bankruptcy Reform Act rationale in concluding that nonassignable causes of actions were excludable from the bankruptcy estate. It is apparent from a comparison of Section 541(a)(1) of the Bankruptcy Reform Act of 1978 with its analogous Section 70(a)(5) of the former Bankruptcy Act, 11 U.S.C. § 110(a)(5),[2] which had specifically excluded personal injury actions from being classified as property of a bankruptcy estate if such actions were nonassignable under state law, that the legislative intent of Section 541 was to extend the definition of property to include all assignable and nonassignable causes of action including an action for personal injuries as assets of the bankrupt estate. The legislative history of Section 541 stated:

> The bill makes significant changes in what constitutes property of the estate. Current law is a complicated melange of references to State law, and does little to further the bankruptcy policy of distribution of the debtor's property to his creditor in satisfaction of his debts.... The bill determines what is property of the estate by a simple reference to what interests in property the debtor has at the commencement of the case. This includes all interests, such as ... tangible and intangible property, ... causes of action ... whether or not transferable by the debtor.

H.R.Rep. No. 595, 95th Cong., 2d Sess. 175 *reprinted in* 1978 U.S.Code Cong. & Admin.News 6136 (footnotes omitted).

Other circuits have adopted this interpretation of Section 541. In *Tignor v. Parkin-*

---

1. 11 U.S.C. § 541(a), in pertinent part, provides:
   Property of the estate
   (a) This commencement of a case under section 301, 302 or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:
   (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

2. Section 70(a)(5) of the former Bankruptcy Act, 11 U.S.C. § 110(a)(5) provided, in pertinent part that the property of the bankrupt estate included:

> [r]ights of action, which prior to the filing of the petition [the bankrupt] could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered. Provided. That rights of action ... for injuries to the person of the bankrupt ... shall not vest in the trustee unless by the law of the State such rights of action are subject to attachment, execution, garnishment, sequestration, or other judicial process....

*son,* 729 F.2d 977 (4th Cir.1984), the Fourth Circuit broadly construed Section 541 and held that an unliquidated personal injury claim was property of the bankruptcy estate. The debtor in *Tignor* filed a petition under Chapter 7 listing an unliquidated claim against his former employer alleging personal injuries which were sustained two years earlier. The court held that although a personal injury claim was nontransferable under Virginia law, the unliquidated personal injury claim was a proper asset in the estate because Section 541(a)(1) prescribed these types of assets to be included in a bankruptcy estate. *Tignor,* 729 F.2d at 980.

Additionally, the Ninth Circuit has recently adopted the rationale in *Tignor.* In *Sierra Switchboard Co. v. Westinghouse Electric Corp.,* 789 F.2d 705 (9th Cir.1986), the court held that a debtor's claim for emotional distress was property of the bankruptcy estate. "Thus, regardless of whether a personal injury claim is transferable or assignable under state law, such claims become part of the bankruptcy estate under Section 541." *Sierra Switchboard Co.,* 789 F.2d at 709.

This Court concludes that the bankruptcy court correctly decided that the Cottrells' personal injury action was an asset of the bankruptcy estate. The bankruptcy court therefore had authority to substitute the trustee's counsel as counsel of record in the Cottrells' personal injury action. The interlocutory order to substitute counsel is not reviewable on interlocutory appeal.

Accordingly, the judgment of the district court is hereby AFFIRMED.