**In re Larry CUMMINS.**

**Thomas E. HAYS, Jr.; Larry Cummins Chevrolet, Inc.; Cummins Chevrolet & Geo, Inc.; and Coke Chevrolet Company, Plaintiffs,**

v.

**Larry CUMMINS, Defendant.**

**Larry CUMMINS, Counterclaimant,**

v.

**Thomas E. HAYS, Jr.; Larry Cummins Chevrolet, Inc.; Cummins Chevrolet & Geo, Inc.; and Coke Chevrolet Company, Counterclaim Defendants,**

**James F. Dowden, Trustee, Intervenor.**

**Bankruptcy No. 91–16453 S.**
**Adv. No. 92–6508.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

May 12, 1993.

William Waddell, Little Rock, AR, for plaintiffs.

Richard Crockett, Little Rock, AR, for defendant.

*ORDER DENYING MOTION TO AMEND*

MARY D. SCOTT, Bankruptcy Judge.

Before the Court is the Motion to File Amended Pleadings filed by the debtor on April 22, 1993. The debtor seeks to amend his counterclaim to add or expand causes of action sounding in tort. The basis of the motion to amend is that the causes of action are personal to the debtor and do not belong to the trustee such that the debtor should be permitted to pursue the causes of action. Among other arguments, the counterclaim defendants and the trustee assert that the causes of action are property of the estate and belong solely to the trustee. Accordingly, they argue, the debtor has no standing to assert the claims.

The debtor's tort claims relate to contracts described as "personal service contracts." The debtor asserts that since such contracts or causes related to such con-

tracts may not be assigned under Arkansas law, the causes of action do not become property of the estate. The plain language of the statute and the case law are to the contrary. Section 541 of the Bankruptcy Code defines property of the estate:

(a) The commencement of a cause under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

\*   \*   \*   \*   \*   \*

(c)(1) Except as provided in paragraph (2) of this subsection, *an interest of the debtor in property becomes property of the estate* under subsection (a)(1), (a)(2), or (a)(5) of this section *notwithstanding ... applicable nonbankruptcy law—*

(A) *that restricts or conditions transfer of such interest by the debtor.* \* \* \*

11 U.S.C. § 541(a)(1), (c)(1)(A) (emphasis added). Thus, under the plain language of the statute, the tort claims became property of the estate upon the filing of the voluntary petition in bankruptcy, including claims the debtor could not assign under state law.[1] *See Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540 (6th Cir.1989);[2] *Sierra Switchboard Co. v. Westinghouse Electric Corporation*, 789 F.2d 705 (9th Cir.1986); *Tignor v. Parkinson*, 729 F.2d 977 (4th Cir.1984). In light of the express language of the statute, the debtor's argument is virtually frivolous.

**ORDERED** that the Motion to File Amended Pleading, filed on April 22, 1993, is DENIED.

**IT IS SO ORDERED.**

---

**1.** The fact that a trustee may not be able to assume such a contract under section 365, were it still in existence, is irrelevant.

**2.** The case relied upon by debtor, *Baker v. Auger*, 709 F.2d 1063 (6th Cir.1983), has no application to this case since it was decided under a Bankruptcy Act section which excluded such

causes from the estate. *See Cottrell*, 876 F.2d at 542. The instant case is one under the Bankruptcy Code. To the extent *Baker* holds that such property is not property of the estate, the decision was overruled by *Cottrell* and the Bankruptcy Code.