992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SUN UP FOODS, INC., Plaintiff,
James V. Mays, Plaintiff-Appellant,
v.
FLORIDA DEPARTMENT OF CITRUS; Florida Citrus Commission;
Cumberland Farms, Inc.; George Haseotes; Marmac, Inc.;
Albion P. McMaster; Robert F. Larson; Eurrell Potts; John
Anderson; John B. Dubek, Defendants-Appellees,
Dan L. Gunter, et al., Defendants.
 No. 92-5951.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1993.
 
 Before GUY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 James V. Mays, a Kentucky resident, appeals through counsel the dismissal of his complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Moreover, the parties have waived oral argument in this case.
 
 
 2
 Mays filed this action on his own behalf and also purportedly on behalf of a Kentucky corporation, Sun Up Foods, Inc., against numerous defendants, seeking one hundred million dollars in damages. The complaint alleged claims of fraud and violations of civil rights, anti-trust and civil RICO, among others. Numerous defendants were dismissed on various grounds. The district court then issued a show cause order to the trustee of the bankruptcy estate of the corporation requiring him to state whether he wished to pursue this action. No response was received. The district court then dismissed the complaint against the remaining ten defendants, finding that the damages alleged were those of the corporation only and that Mays had not properly pleaded a shareholder derivative action.
 
 
 3
 Upon review, it is concluded that this complaint was properly dismissed, as it appears beyond doubt that Mays could prove no set of facts which would entitle him to relief.[1] See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The district court correctly found that the bankruptcy trustee was the only party with standing to pursue a cause of action belonging to the estate. See Cottrell v. Schilling (In re Cottrell), 876 F.2d 540, 543 (6th Cir.1989). Mays did not have a personal right of action against third parties for injury to the corporation. See Warren v. Manufacturers Nat'l Bank of Detroit, 759 F.2d 542, 544-45 (6th Cir.1985). Mays also did not properly allege a demand upon the corporation to pursue this litigation in order to file a derivative action. See Fed.R.Civ.P. 23.1; Ky.Rev.Stat. § 271B.7-400.
 
 
 4
 The various arguments raised by Mays on appeal lack merit. Accordingly, the motion to admit additional evidence is denied and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 All of the defendants filed motions to dismiss except Potts and Anderson. Although the docket sheet indicates Potts and Anderson were served with the amended complaint, they never entered an appearance or filed any pleadings. A motion for default judgment against Potts was denied. We express no opinion as to the validity, if any, of Mays' claims against Potts and Anderson nor do we express an opinion as to the status of those claims irrespective of their validity