*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0168p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: M.T.G., INC., d/b/a MATRIX TECHNOLOGIES GROUP,

*Debtor.*

No. 03-2370

CHARLES J. TAUNT, Trustee,

*Appellant,*

*v.*

GUY C. VINING, Trustee, Trustee for the Chapter 7 Estate of M.T.G., Inc; TODD M. HALBERT,

*Appellees.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 02-73392—Anna Diggs Taylor, District Judge.

Argued: March 15, 2005

Decided and Filed: April 8, 2005

Before: COLE and GILMAN, Circuit Judges; POLSTER, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Mark E. Shreve, GARAN, LUCOW & MILLER, Troy, Michigan, for Appellant. Todd M. Halbert, Southfield, Michigan, Guy C. Vining, BERKLEY, MENGEL & VINING, P.C., Detroit, Michigan, for Appellees. **ON BRIEF:** Mark E. Shreve, GARAN, LUCOW & MILLER, Troy, Michigan, Robert D. Goldstein, GARAN, LUCOW & MILLER, Grand Blanc, Michigan, for Appellant. Todd M. Halbert, Southfield, Michigan, Guy C. Vining, BERKLEY, MENGEL & VINING, P.C., Detroit, Michigan, for Appellees.

_____

[*]The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

1

---

**OPINION**

---

R. GUY COLE, JR., Circuit Judge.  The trustee of a Chapter 7 bankruptcy estate sought to employ the debtor's former attorney as special counsel pursuant to § 327(e) of the Bankruptcy Code. Although the bankruptcy court initially approved the application, it later set aside the order of appointment and denied the application.  The district court reversed the bankruptcy court's decision and remanded the matter to the bankruptcy court for further proceedings.  A former trustee of the estate, Charles Taunt, appealed the district court's decision.  For the reasons set forth below, we **DISMISS** this appeal for lack of appellate jurisdiction.

**I.**

M.T.G., Inc., d/b/a Matrix Technologies Group ("MTG"), filed a Chapter 11 reorganization case on August 7, 1995.  Its counsel in that case was Todd Halbert.  In 1997, MTG's Chapter 11 case was converted to a Chapter 7 liquidation proceeding.  The U.S. Trustee thereupon appointed Charles Taunt as the trustee in the Chapter 7 case.  Taunt failed, however, to disclose in his required Statement of Disinterest that he had a "surcharge agreement"[1] with a creditor of the estate, Comerica Bank.  As a result, Taunt was removed from his position as trustee.  Douglas Ellman was appointed as the second trustee, but was later removed from that position.  On August 24, 2001, Guy Vining was appointed as the third and, for our purposes, final trustee in the Chapter 7 case.

Vining, as trustee, filed an application to employ Halbert as his special counsel to pursue fraud claims against Taunt and Comerica Bank.  Halbert is willing to pursue these claims on a contingency fee basis.  It bears noting that Halbert is also a creditor of the estate, as he has not received all of the attorney's fees purportedly owed him by the debtor for his services during the Chapter 11 proceedings.

The application was initially approved by the bankruptcy court and Halbert was approved as special counsel, but upon Taunt's objection, the bankruptcy judge held a hearing on the application.  The bankruptcy judge heard the matter and set aside the order appointing Halbert as special counsel on the ground that Halbert represented the debtor on matters unrelated to the matters for which Vining sought to employ him.  Thus, concluded the bankruptcy judge, it would not be in the best interest of the estate to appoint Halbert as special counsel.

Halbert and Vining appealed the bankruptcy judge's decision to the district court.  The district court reversed the bankruptcy court's decision and remanded the matter to that court.  Taunt timely appealed to this Court.

**II.**

Before we can address the merits, we must ascertain our own jurisdiction over this appeal. *United States v. Perry*, 360 F.3d 519, 522 (6th Cir. 2004).  Vining argues that we do not have jurisdiction to hear this appeal because it is an appeal of an interlocutory order.

The district courts have discretion to hear interlocutory appeals from the bankruptcy courts. 28 U.S.C. § 158(a) (2004).  The courts of appeals, however, only have jurisdiction to hear bankruptcy appeals when both the bankruptcy and district courts' orders are "final."  *Cottrell v.*

---

[1]A surcharge agreement is one that allows the trustee to charge the creditor, rather than the estate, the cost of liquidating the creditor's collateral.  Thus, the creditor is essentially paying some of the trustee's fees.

*Schilling (In re Cottrell)*, 876 F.2d 540, 541 (6th Cir. 1989).  Taunt concedes that the bankruptcy judge's decision to deny Halbert's employment as special counsel was not a final appealable order. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 369-70 (1981) (holding that an order denying a motion to disqualify counsel in a civil case is not a final appealable decision under 28 U.S.C. § 1291); *Cottrell*, 876 F.2d at 542 ("Generally a bankruptcy court's order approving or substituting counsel in a bankruptcy proceeding is not appealable.").  When "the bankruptcy court's order is interlocutory the general rule is that a court of appeals lacks jurisdiction unless the district court order in some sense 'cures' the non-finality of the bankruptcy court order." *Cottrell*, 876 F.2d at 541 (internal quotation marks omitted).  A district court order has been found to "cure" the non-finality of the bankruptcy court order only in cases where the district court's order in some way ended all litigation in the bankruptcy court. *See Promenade Nat'l Bank v. Phillips (In re Phillips)*, 844 F.2d 230, 235 (5th Cir. 1988).  That is not the case here, as litigation in the bankruptcy court was set to continue after the district court's order.  Thus, because neither the bankruptcy order nor the district court order was a final order, Taunt's appeal does not arise from a final judgment.

To circumvent this hurdle, Taunt argues that the district court's order falls under an exception to the final-judgment rule.  Section 1292(a) allows an appeal as of right from orders "granting, continuing, modifying, refusing, or dissolving injunctions . . . ."  28 U.S.C. §1292(a).  To be clear, the district court did not grant or deny any injunctions here.  However, Taunt claims that the district court's order had the *effect* of dissolving an injunction, because it required the bankruptcy court to approve Halbert's employment as counsel despite the bankruptcy court's earlier order precluding such employment.  This argument is unpersuasive.

First, the district court's order did not have the type of injunctive effect that would warrant a finding of jurisdiction.  Although some interlocutory orders are immediately appealable because they have the practical effect of refusing an injunction, this allowance "was intended to carve out only a limited exception to the final judgment rule." *Gillis v. Dep't of Health and Human Servs.*, 759 F.2d 565, 567 (6th Cir. 1985).  "[U]nless a litigant can show that an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal." *Id.* (internal quotation marks omitted).  Taunt has proffered no reason why the district court's order permitting Halbert to be special counsel would have a serious irreparable consequence that could not be challenged in a proper appeal.  Consequently, as there is no impetus for hearing this appeal now, we see no reason to oppose the longstanding policy against piecemeal litigation.

Several of the other courts of appeals have similarly determined that they lack jurisdiction to review interlocutory orders approving or denying the employment of counsel to trustees.  While these courts do not address whether such an interlocutory order is injunctive in nature, they do lend support for the notion that the appellant can effectually challenge the order once a final judgment is issued. *Sec. Pac. Bank v. Steinberg (In re Westwood Shake & Shingle, Inc.)*, 971 F.2d 387, 389-90 (9th Cir. 1992) (finding a lack of jurisdiction to review the district court's affirmance of a bankruptcy court's order appointing attorney as special counsel to trustee); *Foster Sec., Inc. v. Sandoz (In re Delta Serv. Indus., Inc.)*, 782 F.2d 1267, 1268 (5th Cir. 1986) (same); *Brouwer v. Dunlap (In re FirstMark Corp.)*, 46 F.3d 653, 657-60 (7th Cir. 1995) ("If on appeal from a final judgment we should determine that the law firms should have been disqualified, the [appellant] simply seeks the return of all fees paid to the law firms for work on the bankruptcy case.  Certainly, a court could recalculate the total compensation due and order the firms to return any fees they are not entitled to on appeal from a final judgment as easily as we could do so now.").  Thus, no other circuit has embraced Taunt's view that an order involving appointment of counsel to a trustee is an appealable interlocutory order.

Additionally, the Supreme Court has reasoned that an "order by a federal court that relates only to the conduct or progress of litigation before the court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988). In that decision, the Supreme Court cited a Second Circuit opinion that stated, "We think it better . . . to continue to read § 1292(a)(1) as relating to injunctions which give or aid in giving some or all of the substantive relief sought by a complaint . . . and not as including restraints of directions in orders concerning the conduct of the parties or their counsel, unrelated to the substantive issues in the action, while awaiting trial." *Int'l Prod. Corp. v. Koons*, 325 F.2d 403, 406 (2d Cir. 1963). In the instant case, the district court's order does not directly affect any substantive relief in the bankruptcy proceedings; rather, it affects which special counsel the trustee may employ in the bankruptcy proceedings. If we were to find that the district court's order in this case was effectively injunctive for jurisdictional purposes, then the final-judgment rule would be eviscerated, as the order here could be analogized to any interlocutory order relating to discovery or ethical conflicts. *See Delta Serv. Indus., Etc.*, 782 F.2d at 1268 (finding a lack of jurisdiction to review the district court's affirmance of a bankruptcy court's order approving interim counsel for trustee, and stating that "We can discern no basis for granting greater appealability to orders denying motions to disqualify counsel in bankruptcy cases than to those in ordinary civil cases. While counsel for trustee performs many important duties, it cannot be said that his role is more crucial than that of an attorney in the ordinary civil case."). Accordingly, we do not have jurisdiction to hear this interlocutory appeal.[2]

### III.

Foreseeing his jurisdictional difficulty, Taunt also argued that we should treat his appeal as an original application for a writ of mandamus challenging the district court's order. In support, he relies on a Seventh Circuit decision in which the court directed the district court to vacate its order appointing counsel in a bankruptcy matter. *See Conticommodity Serv., Inc. v. Ragan*, 826 F.2d 600 (7th Cir. 1987). The *Ragan* court invoked its mandamus authority to vacate the district court's order because the district judge had ordered a law firm to represent a debtor against the firm's will. Taunt's reliance on this case is misplaced. Although the Seventh Circuit concluded that the district judge in *Ragan* exceeded his authority, the district court here simply reversed the bankruptcy court and found that the bankruptcy court committed a legal error in its construction of § 327(e) of the Bankruptcy Code. The district court has the authority to reverse the bankruptcy court's decisions. While Taunt may believe that the district court committed a legal error, the proper course of action is to appeal the decision once a final judgment issues. Furthermore, it appears that the district court was correct in its determination that § 327(e) does not require that the trustee's special counsel derive knowledge from his prior representation of the debtor in order for that counsel to serve in the best interest of the estate.

### IV.

For the preceding reasons, we hereby **DISMISS** this case for lack of appellate jurisdiction. Hopefully, from this point forward, this Chapter 7 case and any continuing disputes over the appointment of Halbert as special counsel will proceed in a prompt and efficient manner, without the delay and acrimony that seemingly has occurred to date.

---

[2]It is also doubtful that Taunt has standing to appeal the district court's judgment as he is no longer a trustee of the estate, and has failed to present any evidence of injury in fact, causation, or redressability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).