No. 22-8007

**BANKRUPTCY APPELLATE PANEL**
**OF THE SIXTH CIRCUIT**

In re:   CURARE LABORATORY LLC,            )
                                            )          O R D E R
                 Debtor.                    )


Before:  CROOM, DALES, and MASHBURN, Bankruptcy Appellate Panel Judges.

Appellants Solar Holdings Group, LLC ("Solar Holdings") and Dr. Praveen Arla ("Dr. Arla"), who purport to be creditors or stakeholders of the Debtor, Curare Laboratory LLC ("Debtor"), filed an objection on October 27, 2021, to Debtor's continued employment of Kaplan Johnson Abate & Bird LLP ("KJAB"), which had been approved by the Court several weeks before (the "Objection).  Solar Holdings and Dr. Arla assert that KJAB has a conflict of interest due to its representation of Dr. Arla in an unrelated matter and is therefore not eligible to represent Debtor during the bankruptcy case.  Debtor filed a response the next day.  Over the next few months, the parties filed additional briefs and submitted evidence, and the bankruptcy court conducted a hearing on December 21, 2021.  On February 9, 2022, the bankruptcy court entered an order overruling the Objection.  (Interim Order, Bankr. Case 21-31588, ECF No. 251.)  In addition to titling its order "Interim Order," the bankruptcy court "emphasize[d] that this is an interim order, and a final memorandum opinion and order with the Court's legal analysis and reasoning will be forthcoming once trial has concluded."  (*Id*.)  The court also noted in the Interim Order that the trial would occur the following week, on February 15 and 16, 2022.  (*Id*.)

On February 23, 2022, Solar Holdings and Dr. Arla timely filed a notice of appeal of the Interim Order and a motion for leave to appeal.  Debtor did not file a response.

A party may bring an appeal as of right under 28 U.S.C. § 158(a)(1) from final judgments, orders and decrees of the bankruptcy court.  In their motion for leave to appeal, Appellants state that they filed the motion for leave to appeal "[i]n the alternative, if the Order is not considered final and appealable[.]"  (Mot. at 1, BAP Case No. 22-8007, ECF No. 3.)  They do not, however, make any argument that the Interim Order is final.  Indeed, the Sixth Circuit Court of Appeals has historically treated bankruptcy retention orders as nonfinal and not immediately appealable.  *See Taunt v. Vining* (*In re M.T.G., Inc.*), 403 F.3d 410, 413 (6th Cir. 2005) (quoting *Cottrell v. Schilling* (*In re Cottrell*), 876 F.2d 540, 542 (6th Cir. 1989) ("Generally a bankruptcy court's order approving or substituting counsel in a bankruptcy proceeding is not appealable."); *see also In re Royal Manor Mgmt., Inc.*, 525 B.R. 338, 345 (B.A.P. 6th Cir. 2015) ("Orders related to the retention of bankruptcy professionals . . . ordinarily are considered interlocutory orders."), *aff'd*, 652 F. App'x 330 (6th Cir. 2016).

While it is certainly conceivable that the Supreme Court's more recent decisions in *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020) and *Bullard v. Blue Hills Bank*, 575 U.S. 496, 135 S. Ct. 1686 (2015), with the current focus on "how to define the immediately appealable 'proceeding'" or the "appropriate procedural unit for determining finality," may lead the Court of Appeals to a different conclusion about the appealability of retention orders in the future, this Panel is not free to reconsider this conclusion, particularly where the Appellants have not pressed the point.  *See* 6 Cir. R. 32.1(b) ("published opinion [of the Sixth Circuit] is overruled only by the court en banc"); *Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010) (citation omitted) ("[A] published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'").

Though the Supreme Court and Court of Appeals have recently made some adjustments to the analysis of finality, those opinions are not inconsistent and certainly not in direct conflict with the line of circuit decisions holding that retention orders are not final. For today we follow Sixth Circuit precedent, including *M.T.G.* and *Cottrell*, and assume, as Appellants seem to, that the Interim Order is what it purports to be: interim and not final.

While Federal courts may review interlocutory appeals in certain circumstances, they are generally reluctant to do so. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374, 101 S. Ct. 669 (1981). Accordingly, leave to appeal an interlocutory order "'should be granted with discrimination and reserved for cases of exceptional circumstances.'" *WCI Steel, Inc. v. Wilmington Tr. Co.*, 338 B.R. 1, 13 (N.D. Ohio 2005) (quoting *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 769 (B.A.P. 10th Cir. 1997)). Appellate courts considering review of interlocutory decisions from bankruptcy courts have applied the standards set forth in 28 U.S.C. § 1292(b). *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998) (citations omitted). Under § 1292(b), an appellant seeking review of an interlocutory order must show:

> (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation.

*Wicheff*, 215 B.R. at 844 (quoting *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993)). Solar Holdings and Dr. Arla have not satisfied the § 1292(b) standard.

First, the question on appeal is whether the bankruptcy court erred in approving the employment of KJAB as Debtors' counsel. The question is a mixed question of law and fact. Employment of bankruptcy professionals is governed by the Bankruptcy Code, specifically 11 U.S.C. § 327(a), which provides that a debtor "may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons[.]" The

Bankruptcy Code defines a "disinterested person" as, among other things, one who "does not have an interest materially adverse to the interest of the estate . . . for any . . . reason." 11 U.S.C. § 101(14)(C).  But application of these code sections requires factual findings, which the bankruptcy court has not yet made.  The bankruptcy court's Interim Order states only the legal conclusion overruling the Objection and does not provide any of the factual findings or rationale underlying the decision.

Second, Solar Holdings and Dr. Arla have not demonstrated that the bankruptcy court's order turns on a controlling question of law about which there are substantial grounds for a difference of opinion.  "Substantial grounds for a difference of opinion exist when (1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp. 2d 1015, 1019 (W.D. Tenn. 2000) (citations omitted).  None of those circumstances exist here.

The only difference of opinion is between the parties, with Solar Holdings and Dr. Arla asserting that a conflict of interest exists, while Debtor disagrees.  This is not the type of difference of opinion intended to be addressed through an interlocutory appeal.  In their motion for leave to appeal, Solar Holdings and Dr. Arla concede that "[u]nder Sixth Circuit law, 'substantial grounds for difference of opinion' exist only when there is conflict[ing] authority on an issue."  (Mot. at 10, BAP Case 22-8007, ECF No. 3 (citations omitted).)  Solar Holdings and Dr. Arla try to overcome this requirement by asserting that since each side offers authority to support their position, there is conflicting authority.  This argument misses the point that the legal standard is not in doubt, and the only disagreement is its application under the facts of this case.

Third, while certainly the choice of counsel can have an impact on a case, it does not rise to the level of being a "controlling" question of law. "A legal issue is controlling if it could materially affect the outcome of the case." *W. Tenn. Chapter of Associated Builders & Contractors, Inc. v. City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (citation omitted); *see also Watson v. Boyajian* (*In re Watson*), 309 B.R. 652, 659 (B.A.P. 1st Cir. 2004) ("An order involves a controlling question of law where the bankruptcy court's ruling presents a question of law that controls the outcome of the underlying case."). The decision to allow the retention of specific counsel does not go to the merits of the underlying case, so it cannot be considered to control the outcome of the case in the manner that § 1292(b) requires.

Nor does the choice of counsel satisfy a looser definition of "controlling issue" adopted by some courts, that "interlocutory reversal might save time for the district court, and time and expense for the litigants." *See Big Rivers Elec. Corp* (*In re Big Rivers Elec. Corp.*), 266 B.R. 100, 104 (W.D. Ky. 2000) (citations omitted). Solar Holdings and Dr. Arla have not explained how appeal of the Interim Order at this stage of the case will save time or expense for the litigants, and the opposite appears to be more likely. The Interim Order does not provide any of the factual findings the Panel would need to determine whether the bankruptcy court's ultimate legal conclusion is sound. The bankruptcy court indicated its intent to provide those findings and its legal analysis after a February trial. In light of that timing, findings and conclusions may be forthcoming, and the granting of an interlocutory appeal at this stage of the proceedings could potentially add to the time and expense rather than reduce it.

For the above reasons, the Panel finds that the elements required for an interlocutory appeal, which is to be granted only in exceptional circumstances, are not satisfied.  The motion for leave to appeal is hereby **DENIED**.

IT IS SO ORDERED.

ENTERED BY ORDER OF THE PANEL

Deborah S. Hunt, Clerk